IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANCE WISE AND NANCY WISE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 04 C 7438 |
| | ) | |
| WACHOVIA SECURITIES LLC, | ) | Judge Wayne R. Andersen |
| NATIONAL ASSOCIATION OF | ) | |
| SECURITIES DEALERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants Wachovia Securities LLC ("Wachovia") and National Association of Securities Dealers ("NASD") to dismiss the plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6) and to confirm the arbitration award pursuant to 9 U.S.C. §9. For the reasons set forth below, we grant the motion to dismiss and confirm the arbitration award.

## BACKGROUND

For purposes of this motion, we assume the following facts as true. Plaintiffs Lance and Nancy Wise commenced doing business with Scott Winters ("Winters") during the 1990s when Winters was employed with Merrill Lynch. When Winters became employed by First Union, which later merged with Wachovia, Plaintiffs agreed to and did become a customer of Wachovia. Plaintiffs entered into an agreement with Wachovia whereby Wachovia agreed to provide investment advisory services for the Plaintiffs and the Plaintiffs agreed to submit all disputes to Binding Arbitration conducted by NASD.

In March of 2000, Winters contacted Plaintiffs concerning an investment opportunity, the Titan Fund. Winters represented to Plaintiffs that the investment would be capitalized with at least ten million dollars and that he (Winters) was personally investing $2,000,000 of his own money in the investment. Winters further claimed Plaintiffs had a good account at Wachovia and they were one of the few people being offered this investment opportunity.

On or about April 10, 2000, Plaintiffs decided to invest in this fund. On April 12, 2000 Winters resigned from Wachovia. The following day, April 13, 2000 Lance Wise authorized the liquidation of his account at Wachovia to the Titan Fund. In November of 2000, Plaintiffs discovered the Titan Fund was a sham and they had lost all of their investment. Shortly thereafter, Plaintiffs sought reimbursement from Wachovia for their loss due to Winters' misconduct. Following Wachovia's refusal of reimbursement, Plaintiffs requested arbitration of the dispute pursuant to their agreement and paid the fees required by the NASD to arbitrate the dispute.

NASD followed its procedures by appointing arbitrators, setting a hearing date and allowing discovery to proceed. During the course of the arbitration proceeding, Wachovia filed a motion for summary judgment. Plaintiffs filed their response, accompanied by the affidavit of Plaintiff Lance Wise. Wachovia then filed its reply. On April 28, 2004, the arbitration panel held a short telephonic hearing on the motion. On October 15, 2004, NASD issued its Award in favor of Wachovia, dismissing Plaintiffs' claims against Wachovia "in their entirety with prejudice."

Plaintiffs filed a two-count complaint in this Court, alleging that the arbitration award should be vacated pursuant 9 U.S.C. § 10 because NASD committed misconduct by granting

2

summary judgment without holding an evidentiary hearing. Plaintiffs further allege that defendant Wachovia induced the decision of the arbitrators, and in doing so, defendants breached Wachovia's fiduciary duty to the Plaintiffs and the covenant of fairness implied in their contract. Defendants have moved to dismiss the complaint and to confirm the arbitration award.

## STANDARD OF REVIEW

When reviewing a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is to test the sufficiency of the complaint and not to decide the merits of the challenged claims. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524, (7th Cir. 1996). Dismissal is properly granted if it is clear that plaintiff can prove no set of facts to support the allegations set forth in the claim which would entitle her to relief. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

## DISCUSSION

### I. The Federal Arbitration Act Governs This Dispute

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, governs the grounds for vacating an arbitration award. Under §10 of the FAA, a district court is permitted to vacate an arbitration award if it finds that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone a hearing, in refusing to hear relevant evidence, or in misbehaving in some other way; or (4) the arbitrators exceeded their powers or imperfectly

3

executed them. 9 U.S.C. § 10 (a) (1)-(4) (2003); *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001). "Once a dispute has been resolved through arbitration, the role of the reviewing court is extremely limited." *Sphere Drake Insurance Ltd. v. All American Life Insurance Co.*, 2004 WL 442640, *1, 3 (N.D. Ill. 2004). Accordingly, federal courts must extend extraordinary deference to the arbitration panel's decision. *Id.*

### A. A Fundamentally Fair Hearing Was Afforded

Plaintiffs argue that NASD engaged in misconduct because the arbitrators granted summary judgment without holding an evidentiary hearing.

The Seventh Circuit has found that arbitrators are not required to conduct a formal evidentiary hearing so long as the proceeding is otherwise fundamentally fair. *Generica Ltd. v. Pharm Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997). In *Generica*, the Seventh Circuit stated that, although an arbitrator is not bound to hear all of the evidence presented by the parties, he is required to give each party an adequate opportunity to present its evidence and arguments. *Id* at 1130. The court found that the arbitrator did not abuse his discretion when he denied to re-open plaintiff's cross-examination of a witness. *Id.* at 1131. The court noted that it is appropriate to vacate an arbitral award when "the exclusion of relevant evidence actually deprived a party of a fair hearing." *Id.* at 1130. However, the court concluded that the arbitrator had ample evidence before him upon which to decide the dispute and thus the arbitral award was upheld *Id.* at 1131.

Other courts have held that an arbitration panel has the authority to dismiss facially deficient claims with prejudice based solely on the parties' pleadings. *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001). In that case, the Tenth Circuit explained that under NASD's procedural rules, an arbitrator may award any relief that would be available in a court of law. *Id.*

4

at 1206. Thus, the court found that the NASD provided the plaintiff with a fundamentally fair proceeding because plaintiff had the opportunity to fully brief and argue the motions to dismiss. *Id.* at 1207. The court also found that there was no evidence that NASD engaged in misconduct in conducting the arbitration proceeding. *Id.*

This case is similar to *Generica* because, although NASD did not conduct a formal evidentiary hearing, the Plaintiffs received an otherwise fundamentally fair proceeding. The arbitration panel had before it the parties' pleadings, discovery responses, Plaintiff Lance Wise's affidavit and other materials. Furthermore, on April 28, the arbitrators held a telephonic hearing on Wachovia's summary judgment motion.

At the hearing, both parties were afforded an opportunity to present their position. As noted by the court in *Sheldon*, under NASD's procedural rules, an arbitrator may award any relief that would be available in a court of law. *Sheldon*, 269 F.3d at 1206. In this case, Plaintiffs were afforded, at the very least, the same opportunity as a court of law would have provided when a summary judgment motion has been filed.

In this case, Plaintiffs fail to articulate any other evidence they may have presented for consideration at an evidentiary hearing. Therefore, Plaintiffs have not demonstrated that "the exclusion of relevant evidence actually deprived [them] of a fair hearing." *See Generica Ltd.*, 125 F.3d at 1130. Accordingly, we find that Plaintiffs have not, and cannot, allege facts sufficient to establish one or more of the grounds required to set aside an arbitration award pursuant to Section 10 of the Federal Arbitration Act. Therefore, the award is confirmed in accordance with the provisions of Section 9 of the FAA.

## CONCLUSION

For the foregoing reasons, NASD and Wachovia's motion to dismiss the complaint is granted. The October 15, 2004 arbitration award is confirmed pursuant to Section 9 of the Federal Arbitration Act. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 4, 2005